# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN KOPATZ | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-171 |
| ASSISTANT WARDEN, VIRGIL MCMULLEN, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brian Kopatz, an inmate currently confined at the Barry Telford Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil action against the defendants the Director of TDCJ-CID and the Director of UTMB.

### Procedural & Factual Background

Plaintiff amended his complaint for a second time on February 11, 2019, to assert claims against defendants the Director of TDCJ-CID and the Director of UTMB only (docket entry no. 44).[1] Plaintiff complains that the defendants did not provide him help in obtaining single cell housing as he was on suicide watch, treatment for problems with his eyes, and help in getting him a CD or tape player. Plaintiff seeks relief in the form of placement in single cell housing, a tape player or CD electronic player, sugar for his food and vitamins for his eyes and monetary damages. Plaintiff

---

[1] Plaintiff originally sued the Director of TDCJ, the Director of UTMB, the Municipality of Duval County, Joni M. Whit with Classification, Reginald Smith, P.A. MH MGR James Johnson, Warden Virgil McMullen, Major Sandey Vencent, Warden Weston, State Counsel Kenneth Nash, Lieutenant Borderline, TDCJ Inmate Trust Fund Department and John Doe #1. In this Second Amended Complaint, plaintiff advised the Clerk of Court to "drop" the other individual defendants listed in this footnote besides Director of TDCJ and Director of UTMB. Plaintiff filed two amended complaints on his own accord (docket entry nos. 37 & 44).

appears to assert claims for violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act. Plaintiff sues the defendants in their individual and official capacities.[2]

Because the Court had difficulty deciphering plaintiff's complaints, the Court ordered the defendants to answer on May 29, 2019 (docket entry no. 47). The Office of the Attorney General filed an Advisory with the Court on July 1, 2019, notifying the Court that no such position exists for Director of UTMB and sought clarification as to who plaintiff intended to sue. In addition, the Office of the Attorney General notified the Court they had no authority to represent any UTMB defendants at this time and could not waive service or enter an appearance on behalf of the currently named defendant Director UTMB.

On the same day, defendant Lorie Davis, Director of TDCJ-CID, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket entry no. 52). After seeking an extension, plaintiff filed a response on August 30, 2019 (docket entry no. 62).

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge[ ] their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins.*

---

[2]Plaintiff states he suffers from dyslexia and autism and other medical ailments that are hard to discern. Plaintiff's pleadings are difficult to decipher.

*Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 351 (5th Cir. 2004) (internal quotation marks and citations omitted).

Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case. *See id; Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Discussion

*Director of UTMB*

In his response, plaintiff does not specifically address the fact that no Director of UTMB exists. With respect to his medical claims, plaintiff references grievances from the Mark Stiles Unit that allegedly show TDCJ blaming UTMB and UTMB blaming TDCJ for not providing him a suicide blanket while he was on suicide watch.

Plaintiff then states he attempted suicide and cut his wrist needing stitches which prompted a use of force. According to plaintiff, he was denied medical treatment by "Gord" [sic] Borderline and then alleges Borderline kicked him in the groin, gassed him and denied him a medical shower.[3] Plaintiff states specifically that Borderline violated his constitutional rights and was deliberately indifferent to his medical needs.

---

[3]The Court assumes plaintiff is referencing Lieutenant Borderline who plaintiff previously listed as a defendant. In light of the claims plaintiff makes against Lieutenant Borderline, the Court will liberally construe these allegations as a motion to amend his complaint to add claims against Lieutenant Borderline for excessive force and for failure to provide medical care and will order him to answer separately.

The only other reference to a medical care claim is in reference to Reginald Smith, P.A. Plaintiff originally listed Reginald Smith, P.A. as a defendant in this matter before the second amended complaint currently on file as the live pleading in this matter. Plaintiff complains of chronic medical loss and references malpractice by Reginald Smith, P.A. and then other unidentified P.A.s.

Plaintiff has a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they evince deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to a prisoner's serious medical needs raises a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Caine*, 864 F.2d 1235, 1244 (5th Cir. 1989). Negligence or medical malpractice, however, is not an issue of federal constitutional dimension. *In Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court held that a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; that is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*. at 837. The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998).

To the extent plaintiff seeks to amend his complaint and add claims against Reginald Smith, P.A. for medical malpractice, any such claims are dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the Director of UTMB are dismissed as no such position exists. To the extent plaintiff is attempting to sue UTMB itself as an entity, the claims are still subject to summary dismissal. UTMB is a state agency that enjoys immunity from suit in federal court. *Lewis v. UTMB*, 665 F.3d 625 (5th Cir. 2011) (concluding that UTMB is immune from a § 1983 claim because appellant conceded UTMB is a state agency and did not argue that Texas consented to the suit). State court decisions also hold that UTMB is a "governmental unit" of Texas. *See, e.g., Univ. of Tex. Med. Branch v. Qi*, 402 S.W.3d 374, 380 (Tex. App. – Houston [14th Dist.] 2013, no pet.); *Robinson v. Univ. of Tex. Med. Branch*, 171 S.W.3d 365, 368 (Tex. App. – Houston [14th Dist.] 2005, no pet.); *Noah v. Univ. of Tex. Med. Branch*, 176 S.W.3d 350, 355 (Tex. App. – Houston [1st Dist] 2004, pet. denied). Texas has not waived its immunity as the principal of UTMB and UTMB is therefore entitled to Eleventh Amendment immunity, Plaintiff's claims against UTMB, to the extent they exist, are dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

*Lorie Davis, Director TDCJ-CID*

The Director moves to dismiss all of plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). After considering the motion and plaintiff's response, the Court determines that defendant Davis' Motion to Dismiss should be granted.

*1. Official Capacity Claims*

Defendant Davis is entitled to Eleventh Amendment immunity to the extent plaintiff sues her in her official capacity. Unless a State consents to suit or Congress exercises its power to override

a State's immunity, the Eleventh Amendment to the United States Constitution bars suits against a State in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). When a suit is brought against a state official in his official capacity, the claims are, in effect, asserted against the State itself. *Will,* 491 U.S. at 71.

The Fifth Circuit has also established that while a state official's future conduct may be subject to an injunction, a federal court may not award monetary damages against a state official in his official capacity. *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995). The Fifth Circuit has repeatedly held that the Eleventh Amendment bars plaintiffs from recovering monetary damages in a § 1983 claim from TDCJ officers in their official capacity. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Aguilar v. TDCJ-CID*, 160 F.3d 1052, 1054 (5th Cir. 1998). Plaintiff's claims for money damages against defendants Davis in her official capacity must be dismissed for want of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

*2. Personal Involvement*

Plaintiff has failed to allege specifically how defendant Davis was personally involved in the alleged violations of his constitutional rights. A plaintiff bringing a civil rights claim under 42 U.S.C. § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom they would hold responsible; "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371-77 (1976) (affirmative link needed between injury and conduct of defendant). Furthermore, a civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). To sustain his complaint, a plaintiff must instead state particular facts

specifying the personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

In the present case, plaintiff alleges he was not provided single cell housing, he was not provided a CD or tape player, and that he did not receive help for his eyes. Plaintiff, however, fails to show how the conduct of defendant Davis caused his alleged injuries. As Director of TDCJ, defendant Davis does not work at the unit level. Plaintiff's claims against defendant Davis in her individual capacity are dismissed for failure to state a claim as plaintiff does allege the sufficient personal involvement.

### 3. *Supervisory Liability*

To the extent plaintiff is suing defendant Davis as a supervisor, plaintiff fails to state a cause of action under 42 U.S.C. § 1983. Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, plaintiff does not allege the defendant Davis was personally involved in any alleged constitutional violation. Plaintiff does not allege defendant Davis implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's

claims against defendant Davis in her individual capacity are dismissed as there is no *respondeat superior* theory of liability in a § 1983 action.

    *4. Americans with Disabilities Act*

The ADA reads as follows, "[s]ubject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, plaintiff must show that (1) he is qualified individual; (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity; and (3) that the exclusion, denial, or discrimination was because of his disability. *Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002).

A "plaintiff asserting a private cause of action for violations under the ADA [] may only recover compensatory damages upon a showing of intentional discrimination." *Id*. Prison officials need not anticipate an inmate's unarticulated need for accommodation or to offer an accommodation *sua sponte*; the inmate must provide evidence of his disability and the severity of the physical limitations resulting from it, and he must request an accommodation.

A disability is "physical impairment that substantially limits one or more major life activities; . . . a record of such an impairment; or . . . being regard[ed] as having such an impairment." *Haralson v. Campuzano*, 356 F. App'x 692, 697-98 (5th Cir. 2009) (citing 42 U.S.C. § 12102(1)). Major life activities are "those activities that are of central importance to most people's every day lives." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).

First, to the extent plaintiff asserts a claim against defendant Davis under the ADA in her individual capacity, any such claims fails to state a claim since officials cannot be sued in their

individual capacity under the ADA as a matter of law. *Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999).

To the extent plaintiff asserts a claim against defendant Davis under the ADA in her official capacity, plaintiff has not pleaded sufficient allegations to state a claim under the ADA; thereby, the State's immunity remains intact. Assuming plaintiff has sufficiently alleged a qualifying disability and that he was somehow excluded from participation in or denied the benefits of services, programs, or activities of a public entity, plaintiff has not specifically alleged that the exclusion, denial, or discrimination was because of his disability. Again, plaintiff has failed to allege defendant Davis was personally involved in any of the actions or inactions he complains of. This Court will not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 351 (5th Cir. 2004) (internal quotation marks and citations omitted).

As such, plaintiff cannot establish he was "excluded from participation in or denied the benefits of" any program within the ambit of ADA Title II, and therefore cannot establish that he was denied or excluded from any program "because of his disability" by defendant Davis. Plaintiff's ADA claim against defendant Davis is dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

ORDER

Defendant Lorie Davis' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket entry no. 52) is **GRANTED**. Plaintiff's claims against the Director of UTMB are **DISMISSED** for failure to state a claim and as frivolous. By separate order, this Court will order defendant Lieutenant Borderline to answer or otherwise plead.

**SIGNED** this the **17** day of **March, 2020.**

Thad Heartfield
United States District Judge