IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN KOPATZ | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-171 |
| ASSISTANT WARDEN VIRGIL MCMULLEN, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's Motion to Dismiss Without Prejudice (docket entry no. 71).[1] This Court liberally construes the motion as a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) as it was filed within 28 days of entry of the Partial Judgment entered March 17, 2020 and a Motion to Voluntarily Dismiss as discussed below.

Background

On March 17, 2020, this Court entered a Memorandum Opinion and Order granting Lorie Davis' Motion to Dismiss and dismissing plaintiff's claims against UTMB for failure to state a claim and as frivolous (docket entry no. 67). In the Partial Judgment entered the same day dismissing these claims with prejudice, this Court also instructed the Clerk of Court to remove defendants Virgil McMullen, Sandey Vencent, James Johnson, FNU Weston, Kenneth Nash, Joni M. White, John Doe, Municipality of Duval and Star County and Pamela Wagner pursuant to plaintiff's amended complaint (docket entry no. 68).

Discussion

A motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of the judgment" and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TransTexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)); *see*

---

[1] The Clerk of Court labeled the motion as a Motion to Reconsider.

*also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). District Courts have been given considerable discretion over whether to grant or deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Moreover, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenzqeig v. Azurix Corp*. 332 F.3d 854, 63-64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d 479.

Plaintiff appears to complain that his claims against defendant Davis and UTMB were dismissed with prejudice. With respect to this argument, plaintiff has demonstrated neither a manifest error of law or fact nor presented newly discovered evidence. As to the remaining defendants, as reflected in the Partial Judgment, those claims were dismissed without prejudice pursuant to plaintiff's request and removal of those defendants from his amended complaint.

Finally, the Court notes attached to this Motion to Dismiss Without Prejudice, plaintiff also attaches another motion entitled "Motion to Drop all Charges." Motion, pg. 6. Plaintiff states he seeks to drop all "charges" against all the defendants and Lieutenant Borderlon and requests this case be closed. Currently pending is defendant Borderlon's Motion for Summary Judgment (docket entry no. 82). It is, therefore,

**ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice, liberally construed as a Motion to Alter or Amend Judgment (docket entry no. 71) is **DENIED** to the extent plaintiff requests his claims against defendants Lorie Davis and UTMB be dismissed without prejudice. It is, further,

**ORDERED** that to the extent plaintiff moves to voluntarily dismiss his remaining claims against defendant Borderlon pursuant to Federal Rule of Civil Procedure 41(a) the motion is **GRANTED**. A Final Judgment will be entered separately.

**SIGNED** this the 10 day of **September, 2020.**

_____
Thad Heartfield
United States District Judge