IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN KOPATZ | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-171 |
| ASSISTANT WARDEN VIRGIL MCMULLEN, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's Motion for Reconsideration (docket entry no. 85) and Motion for Preliminary Injunction, Motion for Temporary Restraining Order (docket entry no. 86).

Background

This Court previously denied Plaintiff's Motion to Dismiss Without Prejudice, liberally construed as Motion to Alter or Amend Judgment on September 10, 2020 (docket entry no. 83). The motion was denied to the extent plaintiff requested his claims against defendants Lorie Davis and UTMB be dismissed without prejudice. The Motion was granted to the extent plaintiff moved to voluntarily dismiss his claims against defendant Borderlon. A Final Judgment was entered on the same day (docket entry no. 84).

Plaintiff's current Motion for Reconsideration seeks reconsideration of this Court's prior decision to deny Plaintiff's Motion to Alter or Amend Judgment (docket entry no. 85). As this motion was filed more than 28 days after entry of judgment, the motion is properly construed under Federal Rule of Civil Procedure 60(b).

Discussion

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1. Mistake, inadvertence, surprise, or excusable neglect;

2. Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    3.       Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    4.       The judgment is void;

    5.       The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    6.       Any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Plaintiff does not specify the reasoning he seeks a Motion for Reconsideration. A careful review of the motion reveals plaintiff is just asking this court to reconsider its prior decision. Plaintiff is using this motion, in effect, to seek a second round of appeals from the dismissal of this civil action. A Rule 60 motion, however, "is not to be used as a substitute for appeal. . . ." *Diaz v. Stephens*, 731 F.3d 370, 377 (5th Cir. 2013) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). Plaintiff has failed to present any "extraordinary circumstances" or demonstrate that he is entitled to relief under Rule 60(b). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Rule 60(b) Relief from Judgment (docket entry no. 85) is **DENIED**. Plaintiff's Motion for Preliminary Injunction, Motion for Temporary Restraining Order (docket entry no. 86) is similarly **DENIED**.

**SIGNED** this the 1 day of **September, 2021.**

_____
Thad Heartfield
United States District Judge

2